UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA ATTINA, | ) | CASE NO.: 1:09CV1946 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **ORDER AND DECISION** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Victoria Attina to the Report and Recommendation ("R & R") of the Magistrate Judge. This action was referred to the Magistrate Judge for a Report and Recommendation on Attina's Appeal of the Social Security Administration's decision to deny her request for disability insurance and supplemental security income. On June 18, 2010, Magistrate Judge Pearson issued her R & R recommending that the Commissioner's decision be affirmed. Attina timely objected, and the Commissioner has not responded to the objections.

For the reasons stated below, the objections are overruled. The R & R is adopted and the findings of the Commissioner are AFFIRMED.

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable

mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Attina's objections are focused upon the treating physician rule. The treating physician rule requires the ALJ to generally give greater deference to the opinions of treating physicians due to the fact that:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). This deference, however, is only appropriate if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). If the ALJ does not afford a treating physician's opinion controlling weight, he must determine how much weight is appropriate by considering a number of relevant factors including; 1) the length of the treatment relationship; 2) the frequency of examination; 3) the nature and extent of the treatment relationship; 4) supportability of the opinion based on the medical record; 5) consistency of the opinion with the record as a whole; and 6) any specialization of the treating physician. *Wilson*, 378 F.3d at 544; s*ee also* 20 C.F.R. § 404.1527(d)(2).

The ALJ must "always give good reasons in [the] notice of determination or decision for the weight" given to the treating source's opinion. 20 C.F.R. § 404.1527(d)(2). The reasons given

must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Soc. Sec. Rul. 96-2p, 1996, 1996 WL 374188, at *5.

In her objections, Attina contends that the Magistrate Judge erred when she failed to recognize that the ALJ's error regarding the treating physician rule was "central and reversible." Doc. 17 at 2.  Attina asserts that the ALJ's finding that her treating physician relied on faulty information was clearly erroneous and prejudicial.  In raising this objection, Attina ignores the analysis performed by the Magistrate Judge.  She does not attack the validity of the rationale used by the Magistrate Judge, nor does she contend that the Magistrate Judge used improper law in resolving the issue.  Effectively, Attina seeks to reargue the merits of her brief without identifying a legal error committed by the Magistrate Judge.  As Attina has identified no legal error in the analysis in the R & R, her objections regarding the treating physician rule are rejected.

Attina also asserts that the Magistrate Judge erred when she concluded that the ALJ had properly determined Attina's residual functioning capacity.  Attina's objections in this area suffer from the same deficiency as outlined above.  Attina highlights no legal error committed by the Magistrate Judge.  Instead, she uses her objections to restate the arguments that were heard and rejected by the R & R.  As such, her objections are overruled.

The Court has fully reviewed the R & R in all aspects.  Despite Attina's objections doing little more than restating her prior arguments, the Court has *de novo* reviewed those aspects of the R & R placed at issue by the objections.  The Magistrate Judge properly resolved the issues raised by Attina, utilizing the appropriate law.  Accordingly, the Court adopts the R & R in its entirety.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.


IT IS SO ORDERED.


Dated: August 31, 2010          /s/ John R. Adams
                       JUDGE JOHN R. ADAMS
                       UNITED STATES DISTRICT JUDGE